J-S33038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD ASTILLERO | : | |
| | : | |
| Appellant | : | No. 1067 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 12, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009058-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD ASTILLERO | : | |
| | : | |
| Appellant | : | No. 1068 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 12, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009059-2016

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:  **FILED JANUARY 19, 2023**

Todd Astillero was found guilty of numerous offenses that occurred on two dates approximately six months apart. The first incident, which gave rise to charges at CP-51-CR-0009058-2016 ("First Case"), resulted in convictions for robbery, possessing a firearm prohibited, criminal mischief, carrying a firearm without a license, carrying a firearm on a public street in Philadelphia, possessing instruments of crime, terroristic threats, simple assault, and

recklessly endangering another person.[1] The charges from the second incident were docketed at CP-51-CR-009059-2016 ("Second Case"), and ended in convictions for possession of a firearm by a prohibited person, carrying a firearm without a license, and carrying a firearm on a public street in Philadelphia.[2] The two dockets were joined for trial.

During the pendency of this appeal, Astillero's counsel passed away and we remanded for appointment of counsel. The trial court appointed counsel, who filed a supplemental Pa.R.A.P. 1925(b) statement and a supplemental brief in this Court.

Astillero's initial brief challenged the denial of his motion to sever the cases, the failure to decide his pretrial motions before the start of trial, and the sufficiency of the evidence to support a finding that he possessed the firearm at issue in the Second Case. In his supplemental brief, Astillero claims that his sentence was excessive and that the prosecutor in his case committed misconduct. We conclude each of these issues lack merit.

The facts and procedural background of this case, as gleaned from the trial court's opinion and the certified record, are as follows. The incident giving rise to the First Case occurred on January 30, 2016, when Astillero and a second male were inside Celebrity Vape Lounge ("Celebrity Vape"), on Market Street in West Philadelphia. Celebrity Vape is owned by Astillero's cousin,

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1), 6105(a)(1), 3304(a)(2), 6106(a)(1), 6108, 907(a), 2706(a)(1), 2701(a), and 2705, respectively.

[2] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

Kareem Astillero ("Kareem"). There, Astillero became agitated and brandished a handgun that he waved in the direction of a Celebrity Vape employee, Dustin Sullivan. Astillero shouted, "Fuck you, fuck this, fuck Kareem and fuck the white boy," referring to Sullivan. Astillero then went behind the counter, stole an iPad, and attempted to take a stereo receiver.

Once Astillero and the other male left, Sullivan called not only the police but also Kareem. Both arrived at Celebrity Vape shortly thereafter. Kareem received a call from Astillero, whom he placed on speaker phone so Philadelphia Police Officer Anthony Britton could hear. Astillero then said, "I really wish you didn't call the cops; I got to kill you and the white boy." Kareem showed police detectives a text exchange between himself and Astillero in which Astillero accused him of being a "rat" and threatened repercussions. Ultimately, Philadelphia police detectives obtained a warrant for Astillero's arrest.

The events leading to the Second Case occurred approximately six months later, on June 17, 2016, when police executed the arrest warrant. Philadelphia Housing Authority Police Officer Ralston Thomas and other law enforcement personnel went to the home of Astillero's girlfriend, Chrystal Richmond, who let the officers into her apartment and advised that Astillero was in a back bedroom. The officers knocked on the bedroom door, and Astillero opened it voluntarily. Officers then took him into custody without incident. Richmond consented to a search of the apartment, and in a closet in the bedroom in which police had found Astillero – the closet had no doors –

- 3 -

officers spotted a red bag on the top shelf. The bag contained a black firearm. Astillero was charged in both cases.

After several delays, the parties appeared for trial on June 23, 2017. Astillero's counsel informed the court that there was an outstanding a motion to suppress evidence of the gun found upon Astillero's arrest. *See* N.T., 6/23/17, at 12. The trial judge determined that another judge should hear the motion in order to avoid prejudice. *Id.* at 34. The trial judge nevertheless also determined that he would first hear the testimony of a Commonwealth witness, Officer Britton, because the officer was in court that day, the cases had been pending for some time, and the officer's testimony did not involve the firearm found at the time of Astillero's arrest. Before Officer Britton could begin his testimony, however, the defense stated that it also had an outstanding motion to sever the two cases. After a conference in chambers, the trial judge decided to allow the officer to testify because his testimony would only concern the First Case. Thereafter, another judge would preside over both the suppression motion and severance motion. Astillero noted his objection for the record, without explanation, and Officer Britton testified.

The motions then went before another judge on June 27, 2017, who denied severance because evidence of the circumstances surrounding the execution of the arrest warrant was admissible in both cases. The judge also noted that because Astillero had decided to proceed with a bench trial, if both cases were tried together, the possibility of unfair prejudice was significantly

reduced. Citing the interest in judicial economy, she then declined to entertain the motion to suppress and returned it to the trial judge.

The trial judge held a hearing on the suppression motion on July 5, 2017, and denied it. The court then proceeded to a bench trial on both cases, incorporating the testimony from the motion to suppress into the trial record.[3]

Relevant to this appeal, Celebrity Vape employee Dustin Sullivan testified that during events leading to the First Case, he saw Astillero with "either a .9 millimeter or .45 in his right hand." N.T., 7/5/17, at 99. There was no other testimony about the description of the gun involved in the First Case. Regarding the Second Case, Officer Thomas testified about his discovery of the firearm in the red bag. He described the gun as "a black firearm" and said he "believe[d]" it was "a Glock 19, with an extended magazine." *Id.* at 25, 28. Officer Thomas said he could not be sure if any men's clothing was in the bedroom closet.

In defense, Astillero presented the testimony of his girlfriend, Richmond. Richmond testified that she had been in a relationship with Astillero for over a year prior to his arrest. *Id.* at 56. Richmond explained that Astillero stayed at her home "[a] few nights here and there throughout the year," and that he would stay between two and four nights at a time and sleep in her bedroom. *Id.* at 49, 58, 77. She said that Astillero brought "food, stuff like that, DVDs,"

---

[3] *See* N.T., 7/5/17, at 150.

when he came to visit, and that he kept a toothbrush at her apartment, but no clothing. *Id.* at 75, 77.

When asked whether it was Astillero's bag from in which the firearm was found, Richmond responded, "I never seen [Astillero] with a bag." *Id.* at 65. However, Richmond denied that the bag containing the firearm was hers, that she had ever seen the firearm before, or that she had known there was a firearm in her home. *Id.* at 49, 64, 75. She stated she noticed the bag the night before Astillero's arrest. *Id.* at 65-66, 76-77. According to Richmond, the only other occupants of the home are her three-year-old son and 16-year-old daughter, and the bag does not belong to her daughter. *Id.* at 60, 65.

Richmond also testified that there was "a lot of traffic coming in and out" of her apartment because she sold food. *Id.* at 75. However, Richmond testified that Astillero did not have any visitors and that her daughter, who has a key, does not allow anyone into the apartment. *Id.* at 49-50, 65.

The court found Astillero guilty of all charges, and sentenced him on October 12, 2017. On the First Case, the court imposed an aggregate sentence of 10 to 20 years' incarceration to be followed by 10 years of probation. Regarding the Second Case, it sentenced Astillero in total to five to 10 years' incarceration with a concurrent period of seven years of probation, all to be served concurrently with the sentence on the First Case. Astillero filed a motion to reconsider his sentence, which the court denied.

In November 2017, Astillero filed a timely appeal to this Court, but this Court ultimately dismissed it due to Astillero's failure to ensure the inclusion

of necessary transcripts in the certified record. ***See Commonwealth v. Astillero***, 1355 EDA 2018 (Pa.Super. filed February 23, 2021) (unpublished memorandum). Astillero filed a timely Post Conviction Relief Act petition and the trial court reinstated Astillero's direct appeal rights on May 21, 2021. This timely appeal followed. However, in March 2022, this Court was informed that defense counsel could not continue and therefore we ordered new counsel to be appointed. The trial court appointed present counsel on March 17, 2022. Counsel filed a supplementary Rule 1925(b) statement which incorporated previous counsel's initial issues and added two additional issues.

Through his his initial counsel, Astillero raised the following issues:

A. Did the trial court commit an abuse of discretion by denying [Astillero's] motion to sever the two cases because the evidence in one case was not admissible in the other case and vice versa and because the evidence constituted propensity evidence?

B. Did the trial court commit reversible error by overruling trial counsel's objection to commencing the trial before ruling on [Astillero's] motion to sever and motion to suppress in violation of Pa.R.Crim.P. 580?

C. Was the evidence [in the Second Case] insufficient to prove [Astillero] committed the crimes possession of a firearm by a prohibited person, carrying a firearm without a license, and carrying a firearm on a public street as the required element of possession was not established either in actuality or constructively because the authorities found the gun not on [Astillero's] person but in a residence that was not [Astillero's] where other persons resided who had access to the gun and the power to exercise dominion and control of the firearm and because evidence failed to prove beyond a reasonable doubt that [Astillero] had the intent to possess the gun?

D. Was the evidence [in the Second Case] insufficient to prove [Astillero] committed the crime of carrying a firearm on a public street because the Commonwealth failed to prove beyond a

reasonable doubt that [Astillero] possessed the gun on a public street?

E. Was the evidence on docket [in the Second Case] insufficient to prove [Astillero] committed the crime of carrying a firearm without a license because the Commonwealth failed to prove beyond a reasonable doubt that [Astillero] carried a firearm concealed on or about his person?

*See* Astillero's initial Br. at 3-4 (reordered).

Current counsel also raises the following issues:

A. Did the [trial] court abuse its discretion by fashioning a sentence that greatly exceeded that which is necessary to protect the public, greater than that requested by the prosecutor and seems not to have taken into consideration [Astillero's] familial and community support, remorse and where the sentencing court incorrectly said that [Astillero] had no remorse?

B. Did the Commonwealth commit prosecutorial misconduct by divulging to the waiver Judge prior to a waiver trial that [Astillero] had a prior record score of "5" and that he had multiple criminal "convictions," and should such reckless prosecutorial misconduct bar retrial pursuant to Article I, Section 10 of the Pennsylvania Constitution, as [Astillero] was deprived of a fair trial?

*See* Astillero's supplemental Br. at 5.

In his first issue, Astillero contends that the trial court erred by denying his motion to sever. He argues that the only common element between the two incidents was his alleged possession of a gun, and that there is no evidence that the gun found in the Second Case was the same as the one allegedly used in the First Case. Thus, according to Astillero, joinder did not serve judicial economy and only resulted in unnecessary prejudice due to the nature of the handgun evidence. He asserts that the trial judge erroneously

considered his "propensity" to carry a gun when concluding he was guilty of possessing a gun in both the First Case and the Second Case.

We review an order denying a motion for severance for a manifest abuse of discretion. **Commonwealth v. Renninger**, 269 A.3d 548, 563 (Pa.Super. 2022) (*en banc*). Pennsylvania Rule of Criminal Procedure 582 governs the joinder of separate informations for trial. It provides:

> (1) Offenses charged in separate indictments or informations may be tried together if:
>
>> (a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or
>>
>> (b) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 582(A)(1).

When charges are not based on the same act or transaction, courts considering whether joinder is proper first ask if the evidence of each of the offenses would be admissible in a separate trial for the other, and whether such evidence is capable of separation by the jury so as to avoid danger of confusion. If the answers to these questions are in the affirmative, the court then must decide whether the defendant will be unduly prejudiced by the joinder of charges for trial. **Commonwealth v. Thomas**, 879 A.2d 246, 260 (Pa.Super. 2005).

Thus, the court "must first determine if the evidence of each of the offenses would be admissible in a separate trial for the other."

*Commonwealth v. Collins*, 703 A.2d 418, 422 (Pa. 1997). Evidence of other crimes, wrongs, or acts is not admissible to prove that the defendant acted "in conformity with those acts or to demonstrate a criminal propensity." *Commonwealth v. Brown*, 52 A.3d 320, 325 (Pa.Super. 2012); Pa.R.E. 404(b). However, evidence of "bad acts" is admissible for another, proper purpose, such as "to prove motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident." *Brown*, 52 A.3d at 325.

If criminal charges joined for trial are distinguishable in time, place, and participants, a factfinder is considered to be capable of separating the evidence. *See Collins*, 703 A.2d at 423. This is particularly so if the factfinder is a judge. A judge is "presumed to disregard inadmissible evidence and consider only competent evidence." *Commonwealth v. Kearney*, 92 A.3d 51, 61 (Pa.Super. 2014) (citation omitted). *See also Commonwealth v. Gribble*, 863 A.2d 455, 462 (Pa. 2004). The consolidation of charges is encouraged, as a general policy, to promote judicial economy. *Commonwealth v. Patterson*, 546 A.2d 596, 600 (Pa. 1988).

In the instant case, we find no abuse of discretion in the denial of Astillero's motion to sever. Evidence of Astillero's possession of a gun in the First Case was probative as to Astillero's potential possession of a similar gun during his resulting arrest in the Second Case, and vice-versa. The time between the two incidents bears upon the weight of that evidence, not its admissibility. Moreover, any claim of undue prejudice fails. The trial judge,

sitting as factfinder, was well equipped to disregard any confusion or prejudice that a jury might have experienced from the joinder of Astillero's two cases. **See Kearney**, 92 A.3d at 61; **Gribble**, 863 A.2d at 462. Astillero's first issue lacks merit.

Next, Astillero contends that the trial court erred when it failed to rule on his motions to sever the cases and to suppress evidence before trial. He points to Pennsylvania Rule of Criminal Procedure 580, which states, "Unless otherwise provided in these rules, all pretrial motions shall be determined before trial."

The trial court concluded that Astillero had waived this claim and, in any event, it at most constituted harmless error. We agree on both scores. When the trial judge spoke with the parties about his hearing Officer Britton's testimony before the other judge would hear the pretrial motions, Astillero lodged a general objection, stating, "Just note my objection for the record." **See** N.T., 6/23/17, at 35. He did not state a basis for the objection, and in view of the judge's statement shortly beforehand that he was referring the pretrial motions to the other judge, it reasonably would have been understood as an objection to his not hearing the motions there and then. Astillero failed to give the trial judge a reasonable opportunity to correct any alleged error, and in so doing, he failed to preserve a challenge to the timing of the pretrial motions. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Moreover, we perceive no prejudice, and Astillero has failed to explain even on appeal how any error in the court's hearing the testimony of Officer Britton prior to the disposition of his pretrial motions harmed him. *See Commonwealth v. Hamlett*, 234 A.3d 486, 492 (Pa. 2020) (holding appellate courts may affirm on alternate basis that error was harmless beyond a reasonable doubt). Accordingly, Astillero's second issue also warrants no relief.

Turning to Astillero's third issue, he challenges the sufficiency of the evidence supporting his convictions on the firearms charges in the Second Case. He maintains that the Commonwealth failed to prove that he constructively possessed the firearm found in his girlfriend's closet. He contends that the Commonwealth presented no evidence to connect him with that particular gun, only showing his mere presence in the room in which it was found. He asserts he "did not reside in the apartment and there is no testimony that he did anything that he suggested that he was aware of the presence of the gun." Astillero's initial Br. at 21.

When reviewing a challenge to the sufficiency of the evidence, we are "required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Commonwealth v. Neysmith*, 192 A.3d 184, 189 (Pa.Super. 2018) (citation omitted). Our standard of review is *de novo,* and our scope of review is plenary. *Id.* "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime

charged and the commission thereof by the accused, beyond a reasonable doubt." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). The Commonwealth may sustain its burden by means of wholly circumstantial evidence. ***Commonwealth v. Dix***, 207 A.3d 383, 390 (Pa.Super. 2019). The trier of fact is free to believe all, some, or none of the evidence. ***Commonwealth v. Beasley***, 138 A.3d 39, 45 (Pa.Super. 2016). When performing sufficiency review, "this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed." ***Commonwealth v. Smith***, 146 A.3d 257, 261 (Pa.Super. 2016).

Each of the firearms offenses for which Astillero was found guilty in the Second Case has a possessory element. To sustain a conviction for Possession of a Firearm by a Prohibited Person the Commonwealth must prove a person possessed, used, controlled, sold, transferred, or manufactured a firearm and had been adjudicated delinquent for a disabling offense. 18 Pa.C.S.A. § 6105(a)(1), (c)(7). The offense of Firearms Not to be Carried Without a License makes it a crime for "any person" to carry "a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license . . . ." 18 Pa.C.S.A. § 6106(a)(1). Carrying a Firearm on a Public Street prohibits any person from carrying a firearm, rifle or shotgun on the public streets or any public property in a city of the first class unless: (1) such

person is licensed to carry a firearm; or (2) such person is exempt from licensing under 18 Pa.C.S.A. § 6106(b). *See* 18 Pa.C.S.A. § 6108.

Because Astillero was not found in physical possession of a firearm, the Commonwealth had to establish constructive possession. ***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa.Super. 2013). Constructive possession is a conclusion from the totality of the evidence that the defendant had "conscious dominion" over an object. "Conscious dominion" is "the power to control the contraband and the intent to exercise that control." ***Id.*** at 820. "Mere presence or proximity to the contraband is not enough to prove constructive possession." ***Commonwealth v. Peters***, 218 A.3d 1206, 1209 (Pa. 2019). Rather, "[t]he evidence must show a nexus between the accused and the item sufficient to infer that the accused had the power and intent to exercise dominion and control over it." ***Id.*** The intent to exercise dominion and control over contraband in turn requires proof that the defendant had knowledge of the existence and location of the contraband. ***Commonwealth v. Parrish***, 191 A.3d 31, 37 (Pa.Super. 2018).

The evidence was sufficient to establish beyond a reasonable doubt that Astillero constructively possessed the firearm. The police found Astillero in Richmond's bedroom, and Richmond testified that Astillero frequently stayed there for days at a time, bringing and leaving some of his personal effects. Richmond also testified that she first noticed the bag the previous night and that it did not belong to her or the only other occupants of the apartment, her children. Viewed in the light most favorable to the Commonwealth, this

- 14 -

testimony would allow a factfinder to conclude that the firearm belonged to Astillero. *See Commonwealth v. Mudrick*, 507 A.2d 1212, 1214 (Pa. 1986) (concluding evidence sufficient to prove defendant constructively possessed contraband where he and paramour shared bedroom where contraband was found). The court, as fact-finder, was free to disbelieve any portion of testimony to the contrary. *Beasley*, 138 A.3d at 45.

Astillero further argues the evidence was insufficient to convict him for Carrying a Firearm on a Public Street because there was no evidence that he had possessed the firearm while on a public street. Astillero's initial Br. at 38 (citing 18 Pa.C.S.A. § 6108). He contends, "While someone had to have carried the gun on a public street, there is no evidence that said person was [Astillero]. . . . It is equally likely that someone other than [Astillero] carried the gun into the apartment as it is that [Astillero] did so." *Id.* at 38, 39.[4]

Richmond's testimony was sufficient to establish that Astillero not only possessed the firearm while it was in her apartment, but that he was the one that brought it there. Richmond testified that she first noticed the bag in the closet the night before Astillero's arrest. She stated that the bag did not belong

---

[4] Astillero does not argue that the someone could have accessed Richmond's apartment without traversing either a public street or public property. *See* 18 Pa.C.S.A. § 6108 (prohibiting an unlicensed person from carrying a firearm "upon the public streets or upon any public property in a city of the first class"). Such an argument would not likely be successful in this case, as Richmond's apartment was in a building owned by the Philadelphia Housing Authority ("PHA"). *See* N.T., 7/5/17, at 60, 74; *Commonwealth v. Goosby*, 380 A.2d 802, 806 (Pa.Super. 1977) (holding common areas surrounding PHA apartments are "public property" for purposes of Section 6108).

to her daughter, and, while her daughter has a key to the apartment, she does not let other people inside. Richmond also testified that Astillero did not have any visitors. Although Richmond also testified that people entered her home to purchase food, this does not make it "equally likely" that someone other than Astillero would have transported the firearm to the apartment.

The last of Astillero's initial issues is also meritless. Astillero argues the evidence was insufficient to support his conviction for Firearms Not to be Carried Without a License ("Section 6106") because there was no evidence that he had concealed a firearm on or about his person. **See** Astillero's initial Br. at 40 (citing 18 Pa.C.S.A. § 6106(a)(1)).

The "concealed" element under Section 6106 is met when, "viewed in the totality of the circumstances, [the defendant] carries the firearm in such a manner as to hide the firearm from ordinary observation." **Commonwealth v. Montgomery**, 234 A.3d 523, 536 (Pa. 2020). Here, the evidence was sufficient to allow the factfinder to conclude that Astillero brought the firearm to Richmond's apartment without her seeing it and secreted it in a bag in the bedroom closet. The totality of the circumstances indicates that Astillero hid the firearm from ordinary observation, thus violating Section 6106.

In his first supplemental issue, Astillero argues that the trial court abused its discretion by sentencing him above the recommended sentencing guidelines. He points out that that his aggregate sentence of 10 to 20 years' incarceration was an upward departure even from the aggravated range sentence requested by the Commonwealth of 8 ½ to 20 years' incarceration.

Further, Astillero claims that the court erred by failing to consider mitigating factors such as his need for rehabilitation due to marijuana use and his alleged expressions of remorse.

Astillero challenges the discretionary aspects of his sentence. The right to appellate review of the discretionary aspects of a sentence is not absolute, and a criminal defendant's assertion of such an issue on appeal "must be considered a petition for permission to appeal." *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa.Super. 2018).

Before reviewing the merits of Astillero's claim, we must determine whether: "(1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code." *Commonwealth v. Green*, 204 A.3d 469, 488 (Pa.Super. 2019); *see also* Pa.R.A.P. 2119(f) (stating that an appellant who challenges the discretionary aspects of a sentence "shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence").

Instantly, Astillero has complied with the first three requirements: his appeal is timely, he preserved the issue in a post-sentence motion, and his brief includes a statement of the reasons for allowance of appeal. We now turn to whether Astillero has raised a substantial question.

- 17 -

A substantial question exists when the appellant makes a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. **Commonwealth v. Moury**, 999 A.2d 162, 170 (Pa.Super. 2010). Astillero's Pa.R.A.P. 2119(f) statement asserts that the sentencing court imposed an excessive sentence by sentencing him outside of the sentencing guidelines and by failing to consider mitigating factors. Astillero's Br. at 14-17. Such a claim raises a substantial question. **See Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa.Super. 2003) (*en banc*) (stating that a substantial question is raised where appellant claims the sentencing court imposed an aggravated range sentence without considering mitigating circumstances); **Commonwealth v. Riggs**, 63 A.3d 780, 786 (Pa.Super. 2012) (finding that appellant raised a substantial question when he argued that "the trial court failed to consider relevant sentencing criteria, including . . . the rehabilitative needs of [a]ppellant, as 42 Pa.C.S.A. § 9721(b) requires"). Thus, we proceed to the merits of Astillero's claim.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Edwards**, 194 A.3d 625, 637 (Pa.Super. 2018), appeal denied, 202 A.3d 41 (Pa. 2019) (citation omitted). An abuse of discretion occurs where "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or

arrived at a manifestly unreasonable decision." **Id.** (citation omitted). In imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

The sentencing court must state its reasons for the sentence on the record. **Id.** "A sentencing court's indication that it has reviewed a presentence report can satisfy the requirement of placing reasons for imposing the sentence on the record." **Commonwealth v. Bullock**, 170 A.3d 1109, 1126 (Pa.Super. 2017) (citation omitted). Indeed, "where the trial court is informed by a [presentence] report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Id.** (quoting **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa.Super. 2009)); **see also Moury**, 992 A.2d at 171. Additionally, this Court should not reweigh the sentencing factors considered by the trial court and impose our own judgment in the place of the trial court. **Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa.Super. 2009).

In the instant case, the trial court reviewed a presentence report ("PSI") and provided legally sufficient reasons for sentencing Astillero. **See** N.T., 10/12/17. Therefore, we presume that the trial court was aware of all appropriate sentencing factors and considerations, including Astillero's character, rehabilitative needs, and mitigating factors or lack thereof. **See**

*Bullock*, 170 A.3d at 1126- 1127. As the court emphasized in its supplementary opinion, it considered the need to protect the public from Astillero's "bad character" and "dangerous propensities." Trrial Ct. Sup. Op., 5/19/22, at 26. The court noted "the severity of the crime, the fact that [Astillero] threatened his own wheelchair bound cousin to the point that he was terrified to come to court, and that he has prior crimes involving firearms." *Id.* The court furthermore found that Astillero expressed no credible remorse, and it found no mitigating factors. *See id.*

Based on the foregoing, we conclude that the trial court properly considered all of the relevant sentencing factors, including the information contained within the presentence report, the seriousness of the crime, the need to protect the public, and Astillero's need for rehabilitation, and did not commit an abuse of discretion by imposing a sentence above the aggravated range. Astillero's first supplemental issue lacks merit.

Turning to Astillero's second supplementary issue, he avers that the trial court erred by failing to find that the Commonwealth committed prosecutorial misconduct. He claims that the prosecutor committed misconduct by mentioning Astillero's prior record score to the court, prior to trial, in the context of discussing a plea offer the Commonwealth had made to Astillero. Astillero takes issue with the following exchange:

> [Prosecutor]: Based upon those charges, the offense gravity score in this case is a ten and prior record score, based upon your prior convictions, is a five, which means the guidelines in this case—

> [Defense counsel]: Objection as to reference to his prior record score. It is my understanding that Your Honor is going to hear this case. He has a right basically to Your Honor not having any information as to his prior criminal record and you were just informed that he has a prior record score of a five.
>
> The Court: I think what she is attempting to do is let him know the gravity of the situation. Of course, I have not heard any facts, so that is not going to impinge upon me one way or the other. I think that is all she is attempting to do, colloquy him with regard to the offer. I have heard what you said. It has no impact upon my decision whatsoever, since I did not hear the facts.

(N.T., 6/23/17 at p. 24).

Astillero maintains that the above exchange constituted prosecutorial misconduct because, whether intentionally or merely recklessly, the Commonwealth prejudiced him by essentially informing the court that he was a repeat criminal offender. To this end, Astillero cites **Commonwealth v. Johnson**, 231 A.3d 807, 826-27 (Pa. 2020) (concluding prosecutor committed misconduct by making misleading statements regarding evidence).

A prosecutor's remarks do not rise to the level of prosecutorial misconduct unless their unavoidable effect would be to prejudice the factfinder, "forming in [his] mind a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a true verdict." **Commonwealth v. Bronshtein**, 691 A.2d 907, 917 (Pa. 1997). We review a ruling on a claim of prosecutorial misconduct for abuse of discretion. **Commonwealth v. Rivera**, 939 A.2d 355, 357 (Pa.Super. 2007). Claims of prosecutorial misconduct are "evaluated under the harmless error standard." **Commonwealth v. Cousar**, 928 A.2d 1025, 1042 (Pa. 2007).

Here, Astillero's contemporaneous objection to the prosecutor's statements was not sufficient to preserve his claim. Astillero's objection had to request specific relief, on pain of waiver. **See Commonwealth v. Brown**, 134 A.3d 1097, 1107, (Pa.Super. 2016) (finding defendant's prosecutorial misconduct claim waived when counsel made a contemporaneous objection but failed to request any further action); **Commonwealth v. Sandusky**, 77 A.3d 663, 670 (Pa.Super. 2013). As Astillero failed to request the required relief, his issue is waived.

In any event, to the extent that the prosecutor's reference to Astillero's offense gravity score and prior record score was inappropriate, we must presume that the trial court, sitting as factfinder, was capable of disregarding any prejudicial remarks in reaching its verdict. **See Commonwealth v. Thomas**, 783 A.2d 328, 335 (Pa. Super. 2001). As noted, the prosecutor's reference was in the context of discussions regarding a plea offer and the court specifically emphasized that the remark would not "impinge" upon his ability to hear the case. Thus, Astillero failed to establish sufficient prejudice to require reversal. **See id**. Accordingly, Astillero's last supplemental issue also warrants no relief.

Judgments of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 1/19/2023*